12 F.3d 1108
 RICO Bus.Disp.Guide 8444
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fred N. SAHADI; Helen Sahadi, Plaintiffs-Appellants,
v.
CONNER PERIPHERALS, INC., a California corporation, et al.,
Defendant-Appellee.
 No. 92-16099.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1993.
Decided Nov. 19, 1993.
 
 Before: CHOY, CANBY and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 FACTS
 
 2
 Since the mid-1980s, appellant Fred Sahadi has provided appellee Conner Peripherals (Conner) with various real estate services, including negotiating leases between Conner and property owners and leasing property to Conner himself. Conner leased two buildings on property known as the Phase I property owned by Sahadi, including one building which Conner used as its world headquarters.
 
 
 3
 In 1989, Sahadi purchased the land next to the Phase I property. Prior to Sahadi's acquisition of this Phase II property, Conner and Sahadi had entered into a lease for two buildings which were to be built on the property. The lease included a provision for either party to provide estoppel certificates to the other party if asked. These certificates would be used to assure third parties that a lease in fact existed. The instant case revolves around these certificates: Sahadi contends that Conner failed to provide them when requested and, after Sahadi insisted, furnished false and misleading certificates. According to Sahadi, these inaccurate certificates prevented Sahadi from obtaining much-needed construction financing.
 
 PROCEEDINGS BELOW
 
 4
 Sahadi brought suit in the northern district of California, alleging that Conner had violated RICO by refusing to provide accurate certificates of estoppel and alleging pendent state claims of breach of contract of the leases. The district court judge granted Conner's motion to dismiss, finding that there were no grounds upon which to establish a RICO claim and dismissing the pendent state claims without prejudice. Conner sought Rule 11 sanctions and attorneys' fees. The court denied the request. Conner then requested $54,930 in attorneys' fees, based on the provisions in the various leases between Conner and Sahadi which provided that in the event of litigation the prevailing party would be entitled to recover attorneys' fees. The judge referred the matter to a magistrate, who awarded Conner $37,160 in attorneys' fees. Sahadi filed a Motion for Reconsideration of the Magistrate's Order, which the judge denied. Sahadi is appealing the award of attorneys' fees.
 
 DISCUSSION
 
 5
 Jurisdiction: Sahadi maintains that Judge Ingram did not have jurisdiction to award attorneys' fees in this case because he dismissed the pendent state claims which contained the attorney fee provisions. According to Sahadi, a district court that lacks subject matter jurisdiction over a case cannot make any decrees, judgments or orders concerning that case. The court must simply dismiss due to the lack of subject matter jurisdiction.
 
 
 6
 Sahadi's argument is seriously flawed. A court may award costs and attorneys' fees after dismissing cases for lack of jurisdiction. Elks National Foundation v. Weber, 942 F.2d 1480 (9th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 2995 (1992), (an award of attorneys' fees based on 42 U.S.C. Sec. 1988 was appropriate, even if the claim under Sec. 1988 had been dismissed due to lack of jurisdiction). Accord Orange Production Credit v. Frontline Ventures Ltd., 792 F.2d 797 (9th Cir.1986).
 
 
 7
 Basis of Award: Conner bases its request for attorneys' fees on the provisions contained in the leases between Sahadi and Conner which provided that the prevailing party in a dispute involving the contract would be entitled to recover attorneys' fees. Sahadi maintains that the entire amount of Conner's attorneys' fees derived from a defense of the RICO claims and that none of the fees were incurred in order to fight the contract claims. Conner responds that the RICO claims were so inextricably linked to the alleged breaches of contract that it is impossible to delineate whether the fees were incurred in defense of the RICO claims or the contract claims and so fees were allowable under California Civil Code Sec. 1717. The record sustains Conner's position.
 
 
 8
 Both California law and the law of this circuit require that where a cause of action based on a contract providing for attorneys' fees is joined with other causes of action beyond the contract, the prevailing party may only recover fees related to the contract action. Diamond v. John Martin Company, 753 F.2d 1465, 1467 (9th Cir.1985); Reynolds Metals Company v. Alperson, 25 Cal.3d 124, 129 (1979). However, the same cases also stand for the proposition that joinder does not dilute the right to attorneys' fees. " 'Attorneys' fees need not be apportioned when incurred for representation of an issue common to both a cause of action for which fees are proper and one in which they are not allowed.' " Diamond at 1467 quoting Reynolds at 129.
 
 
 9
 Sahadi cites Trustees v. Golden Nugget, Inc., 697 F.Supp. 1538 (C.D.Cal.1988) for the proposition that attorneys' fees incurred in bringing a RICO claim joined to a breach of contract claim could not be recovered because they were not incurred in defending an action on the contract. A closer reading of the case, however, supports Conner's position that an award of attorneys' fees is appropriate if the issue "is sufficiently related to the contract claim." Golden Nugget at 1558. The court also found that all of the fees incurred for partially related items were fully recoverable. Id.
 
 
 10
 Sahadi's RICO claims all stemmed from the alleged breaches of contract resulting from Conner's refusal to provide accurate estoppel certificate. The questions of whether Conner had a legal right to withhold the certificates, of whether Sahadi had a legal right to demand them and of whether Conner's behavior constituted extortion all required interpretation of the leases. The close interrelation of the RICO claims and the contract claims made it appropriate for the lower court to determine that Conner was entitled to an award of attorneys' fees.
 
 AFFIRMED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3